Michael N. Zachary (CA Bar #112479)
ANDREWS KURTH KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, CA 94304
650.384.4700
michaelzachary@andrewskurthkenyon.com

*Attorneys for Plaintiff Sony Corporation*

FILED
MAY 23 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENA ISSUED TO: Rovi Corporation<br><br>and<br><br>IN RE SUBPOENA ISSUED TO: Tivo Incorporated<br><br>in the case of:<br><br>SONY CORPORATION, Plaintiff,<br><br>v.<br>PACE PLC AND PACE AMERICAS LLC,<br><br>Defendants. | Case No. CV 17 80063 MISC. HRL<br><br>(CIVIL ACTION NO. 15-288-SLR-SRF)<br>(DISTRICT OF DELAWARE)<br><br>**SONY CORPORATION'S NOTICE OF MOTION AND MOTION TO COMPEL NON-PARTY ROVI CORPORATION AND TIVO INCORPORATED TO COMPLY WITH SUBPOENA**<br><br>Date:<br>Time:<br>Ctrm: |

Sony Corporation hereby moves this Court, pursuant to Rules 26 and 45 of the Fed. R. Civ. P., for an Order compelling each of Rovi Corporation and Tivo Incorporated to (a) produce or permit an inspection of source code called for in duly issued subpoenas *duces tecum,* and (b) provide a witness with knowledge to testify regarding the subject matter categories set forth in the duly issued subpoenas *ad testificandum.* The grounds for this motion are set forth in the accompanying Memorandum and Declaration of Matthew J. Faust and attachments thereto. A proposed Order is also attached.



FAXED

Respectfully submitted,

May 23, 2017

ANDREWS KURTH KENYON LLP

By:

Michael N. Zachary (CA Bar #112479)
ANDREWS KURTH KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, CA 94304
650.384.4700
michaelzachary@andrewskurthkenyon.com

*Attorneys for Plaintiff Sony Corporation*

## MEMORANDUM IN SUPPORT OF SONY CORPORATION'S MOTION TO COMPEL

By its accompanying Motion, plaintiff Sony Corporation ("Sony") respectfully requests an Order compelling third-party Rovi Corporation ("Rovi") and third-party Tivo Incorporated ("Tivo") (collectively, "Rovi-Tivo")[1] to each permit, in response to subpoenas *duces tecum,* inspection of certain source code for software embedded in certain accused products sold by Pace plc and Pace Americas, LLC (collectively, "Pace") and to each provide, in response to subpoenas *ad testificandum,* a witness with knowledge to testify to the topics identified therein after Sony has had an opportunity to inspect Rovi-Tivo's source code.

## INTRODUCTION AND RELEVANT FACTS

Sony and Pace are involved in a patent infringement action pending in the United States District Court for the District of Delaware, Civil Action No. 15-288-SLR-SRF ("the Lawsuit"). Sony brought the Lawsuit against Pace for its importing and selling of television cable set top boxes and satellite receivers (collectively, "STBs") that infringe U.S. Patent Nos. 6,097,676 ("'676 patent"), 6,084,643 ("'643 patent"), 7,733,295 ("'295 patent") and RE38,898 ("'898 patent") (collectively, "patents-in-suit").[2] Declaration of Matthew J. Faust. ("Faust Dec."), ¶ 2 (Complaint). The patents-in-suit are directed to various features of these STBs, including certain functions controlled by software embedded on these devices.

Through discovery, Sony has attempted to obtain from Pace the source code for the software embedded in the accused Pace devices, as such code is integral to Sony's infringement case. However, Pace has informed Sony that certain of the relevant source code for software embedded in accused Pace STBs is not in Pace's possession because much of the software embedded in the accused devices is supplied to Pace by third-party software providers. Pace's discovery responses identify, *inter alia*, each of Rovi and Tivo as providers of software embedded

---

[1] On information and belief, Rovi Corporation acquired Tivo Incorporated in 2016. Rovi and Tivo are represented by common counsel in this matter.

[2] At the time Sony served its subpoenas on Rovi-Tivo, Sony was also alleging infringement by Pace of U.S. Patent Nos. 6,467,093 and 8,032,919, both of which are no longer at issue in Civil Action No. 15-288-SLR-SRF.

in certain of the accused Pace STBs.

On or about December 16, 2016 Sony caused subpoenas *duces tecum* and subpoenas *ad testificandum* issued from the District of Delaware to be served upon each of Rovi and Tivo. Faust Dec., ¶ 3 (Subpoenas to Rovi and Tivo). Rovi and Tivo produced documents partially responsive to some—but not all—of the requests contained in the document subpoenas. Specifically, neither Rovi nor Tivo have produced or made available for inspection source code and build files for the Rovi-Tivo software embedded in the accused Pace devices, as requested by Topic 4 the subpoenas *duces tecum*. *Id.*

As set forth in the accompanying exhibits, counsel for Sony has attempted to confer with counsel for Rovi-Tivo in a good faith effort to obtain the requested discovery without Court intervention in compliance with Fed. R. Civ. P. 37(a)(1) and N. D. Cal. Civil L.R. 37-1(a). Such efforts were, however, unsuccessful. Counsel for Rovi-Tivo have informed Sony that Rovi-Tivo are not willing to produce or make available for inspection the requested source code.

Fact discovery in the Lawsuit ends June 29, 2017 and Sony needs time to inspect and analyze the Rovi-Tivo source code prior to taking depositions and serving its final infringement contentions on July 10, 2017. Therefore, Sony respectfully requests that the Court order each of Rovi and Tivo to produce or make available for inspection, within 3 days of the Court's order, the source code requested by Topic 4 of the subpoenas *duces tecum* and to subsequently provide a witness to testify on the topics identified in the subpoenas *ad testificandum*.

## ARGUMENT

### I. Asserted Patents

Sony's request to inspect Rovi and Tivo source code primarily relates to two of the asserted patents in the Lawsuit, specifically the '676 patent and the '295 patent.

The invention claimed in the '676 patent allows a user to set in memory a preferred language setting for an STB so that, if available, the audio track associated with that preferred language will be played automatically whenever content is being enjoyed. Claim 5 of the '676 patent is an exemplary asserted claim:

> Claim 5. An information reproducing device for reproducing an information recording medium in which audio data of plural channels are multiplexedly recorded, the information reproducing device comprising:
>
> storing means for storing a default value for designating one of the plural channels to be reproduced; and
>
> reproducing means for reproducing the audio data of the channel designated by the default value stored in the storing means; and
>
> wherein a plurality of voice data, each voice data having similar contents translated into different languages are multiplexedly recorded as audio data of plural channels; and a default value for designating the voice data corresponding to one of the different languages is stored in the storing means.

Certain elements of this exemplary claim relate to functionality controlled by software embedded in the accused STBs. For example, the claim construction for the "reproducing means" element requires a structure comprised of "a synthesizer and controller implementing an algorithm as described in the specification at 11:10-32 and in Figure 16, and equivalents thereof" for carrying out the function "reproducing the audio data of the channel designated by the default value stored in the storing means." Faust Dec., ¶ 4 (Exhibit B-1 to Joint Claim Construction Chart). The reproducing of audio data (based on a specific algorithm) in the accused Pace STBs is a function controlled by software embedded in the devices.

The invention claimed in the '295 patent permits a single STB connected to and in communication with one or more remotely located displays (e.g., a single STB connected to various televisions located throughout a home) to store in memory information about the television channel requested by each of the various remote displays, so that if power to a STB was interrupted, the STB could restore each remote display to the desired channel once power was restored. Claim 2 of the '295 patent is an exemplary asserted claim:

> 2. A base apparatus being connected to receive a television signal or Internet data supplied thereto and to transmit to a physically separate and remotely located display device an information signal representing said television signal or Internet data, said base apparatus comprising:
>
> a signal reception unit for receiving an operation signal transmitted from said display apparatus and representing user-selected operations performable at said base apparatus;
>
> a selection unit responsive to said received operation signal to select said television signal or said Internet data to produce said information signal;
>
> a transmission unit to transmit said information signal to said display device;
>
> a communication unit for transmitting user-generated information received from

> said display device to a communication network; and
>
> a nonvolatile memory for storing identifying information that identifies at least the television signal received immediately prior to a power interruption to supply to said display device the television signal identified by said stored identifying information upon resumption of said power.

The '295 patent likewise relates to functionality controlled by software in the accused Pace devices. For example, the storage of certain types of information in memory (i.e., storing "identifying information that identifies at least the television signal received immediately prior to a power interruption") in the accused Pace STBs is a function controlled by the software embedded in the devices—the software decides what information to store in memory and carries out that storage.

Sony is seeking access to the source code embedded in the accused Pace STBs in order to show that the accused products meet the limitations of the asserted claims of the '676 and '295 patents.

## II. Rovi and Tivo Have Responsive Discovery

### A. Pace Identified Rovi and Tivo as Providers of Relevant Software

In accordance with Fed. R. Civ. P. 26(b)(2), Sony attempted to obtain the requested source code from other sources during discovery in the Lawsuit. Before seeking third-party discovery from Rovi-Tivo, Sony first attempted to obtain the necessary discovery from Pace. By way of written discovery, Sony first sought from Pace an explanation of the details of the logic and algorithms contained in the software embedded in the accused Pace devices. Faust Dec., ¶ 5 (Sony Interrogatories to Pace, Interrogatory No. 14). In response, however, Pace did not provide a detailed description of the logic carried out by the software in the accused Pace STBs, and identified, *inter alia*, each of Rovi and Tivo as suppliers of software embedded in several of the accused Pace devices.[3] Sony also issued document requests to Pace requesting access to source code in Pace's possession for the software embedded in the accused devices. Faust Dec., ¶ 6 (Sony RFPs to Pace).

---

[3] Pace's response to Sony's interrogatories are marked as Highly Confidential under the applicable protective order, and are not reproduced herein. Neither Rovi nor Tivo have disputed Pace's response to Sony identifying Rovi and Tivo as software providers for certain accused Pace products.

Pace made available for inspection some source code related to the software embedded in the accused Pace STBs, while informing Sony that relevant source code was in the possession of third-parties.[4] Sony's inspection of the source code produced by Pace confirmed that this code did not include all of the relevant source code for the accused Pace STBs. In October 2016, Sony sought the court's assistance in compelling Pace to complete its document production, including source code. Faust Dec., ¶ 8 (Letter to the Honorable Sherry R. Fallon from Stephanie O'Byrne). As a result, Magistrate Judge Fallon set "a date of November 16th [2016] for Pace to make its complete production and confirm that it has no other documents to produce." Faust Dec., ¶ 9 (Transcript of October 19, 2016 Teleconference). Pace supplemented its production and affirmed on November 16, 2016 that "Pace has produced all non-privileged, responsive Pace materials in its possession. . . ." Faust Dec., ¶ 10 (November 16, 2016 email from Pace counsel to Sony counsel). Upon further inspection, Sony determined that Pace's source code production was still lacking relevant source code and that third-party discovery from parties such as Rovi and Tivo would be necessary.

**B. Sony's Subpoenas to Rovi and Tivo**

On or about December 16, 2016 Sony served a subpoena *ad testificandum* and *duces tecum* upon each of Rovi and Tivo requesting, *inter alia*, source code and build files for the relevant Rovi and Tivo software embedded in certain accused Pace devices and a witness capable of testifying regarding the foregoing. Faust Dec., ¶ 3 (Subpoenas to Rovi and Tivo). Specifically, Topic 4 of the subpoenas *duces tecum* is presented below, along with Rovi-Tivo's objections in accordance with N. D. Cal. Civil L.R. 37-2:

> SONY'S PRODUCTION TOPIC 4.
> Source code and software build-files and make-files for software and/or firmware provided by [Rovi/Tivo] for any Specified Pace Product, including without limitation source code related to the user interface, application layer, middleware, drivers, and/or Reference Design Kit (RDK).
>
> [ROVI/TIVO] OBJECTIONS TO PRODUCTION TOPIC 4.
> [Rovi/Tivo] incorporates herein the general objections above.

[4] "Pace has advised you all along that the functionality relevant to the accused products is in the possession of third parties, and, in many cases, is not in the possession of Pace." Faust Dec., ¶ 7 (October 13, 2016 email from Pace Counsel (Kazi) to Sony Counsel (Faust)).

*GENERAL OBJECTIONS*

*1. [Rovi/Tivo] objects to the Subpoena as overbroad and unduly burdensome to the extent that it purports to impose obligations on [Rovi/Tivo] beyond the requirements of the Federal Rules of Civil Procedure, the Court's Local Rules, and any other applicable rule or law.*

*2. [Rovi/Tivo] objects to the Subpoena to the extent that it seeks documents or information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or restriction upon discovery. No such protected documents or information will be produced. Any inadvertent production of protected information or documents is not intended as, nor shall it be deemed to be, a waiver of any privilege, protection, or restriction.*

*3. [Rovi/Tivo] objects to the Subpoena to the extent it seeks the production of documents containing [Rovi/Tivo]'s sensitive, confidential, or proprietary business information or trade secrets, or the production of sensitive, confidential, or proprietary business information or trade secrets of others that [Rovi/Tivo] has a duty to maintain as confidential. [Rovi/Tivo] also objects to the extent that producing documents or information in response to the Subpoena would violate any applicable privacy rights.*

*4. [Rovi/Tivo] objects to the timing of the Subpoena, which purports to require a production by January 6, 2017. Even with Sony's agreement to extend the deadline to January 20, 2017, the timing of the requested production is unreasonable given the scope of the requested production and [Rovi/Tivo]'s status as a non-party to this action. To the extent [Rovi/Tivo] agrees to produce documents in response to any request, [Rovi/Tivo] will meet and confer with Sony regarding the timing of [Rovi/Tivo]'s production.*

*5. [Rovi/Tivo] objects to the Subpoena as unduly burdensome and overly broad to the extent that it calls for anything more than a reasonably diligent search conducted by [Rovi/Tivo] of its source code and business records that are most likely to contain responsive information. [Rovi/Tivo] objects to the extent the Subpoena purports to require [Rovi/Tivo]to search documents held by any other persons or entities, including agents, attorneys, or affiliates.*

*6. [Rovi/Tivo] objects to the Subpoena to the extent it seeks information or documents that are neither relevant to the claims or defenses of any party in this action, nor reasonably calculated to lead to the discovery of admissible evidence, and/or imposes an undue burden or expense on [Rovi/Tivo].*

*7. [Rovi/Tivo] objects to the Subpoena to the extent that it calls for information or documents that are publicly available and/or readily obtainable by Sony or Pace, including through documents that are within their possession, custody, or control or through discovery from the other party in this action. Such requests impose an improper and undue burden on [Rovi/Tivo], a non-party to this litigation.*

*[8.] Tivo objects to Sony Corporation's designation of Tivo as "Tivo*

*Corporation." "Tivo Corporation" did not historically exist or provide any services or information to Pace.*

*[8/9]. [Rovi/Tivo] objects to the definitions of "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent they purpose to require [Rovi/Tivo] to respond or provide testimony on behalf of anyone other than [Rovi/Tivo], such as "subsidiaries, affiliate, and related companies ... predecessors, successors and assigns" as well as "all agents, directors, officers, employees, partners, representatives, directors, shareholders, consultants, [or] any other person acting on behalf of any of the foregoing persons or entities." [Rovi/Tivo] asserts that it is not possible for [Rovi/Tivo] to know all of the persons and entities that Sony purports to include within this definition. [Rovi/Tivo] understands "You" and "Your" to mean [Rovi/Tivo], and [Rovi/Tivo] will respond to the Subpoena on behalf of itself only, and no other person or entity.*

*[9/10]. [Rovi/Tivo] objects to the definition of "Document" to the extent it purports to define that term in a manner that would impose obligations on [Rovi/Tivo] that are broader than its obligations under Rule 45 of the Federal Rules of Civil Procedure.*

*[10/11]. [Rovi/Tivo] objects to the definition of "Pace" as vague, ambiguous, overbroad, and unduly burdensome to the extent it requires [Rovi/Tivo] to have knowledge of Pace's corporate structure or to know the identity of Pace's "predecessors and successors in interest, direct or indirect subsidiaries, affiliates, employees, agents, and persons acting or purporting to act on its behalf." [Rovi/Tivo] understands "Pace" to mean Pace PLC and Pace Americas, and persons who [Rovi/Tivo] understood to be acting on behalf of Pace PLC and Pace Americas.*

*[11/12]. Any response agreeing to produce responsive documents is not a representation that responsive documents exist.*

*[12/13]. [Rovi/Tivo]'s responses are made subject to, and without waiving: (1) its right to object to use of the material contained or referred to in such responses on any grounds; (2) its right to revise, correct, supplement, or clarify such responses; and (3) its right to the return of inadvertently produced documents to which any privilege, protection, or immunity applies, or which are not responsive to the requests contained in the Subpoena.*

*[13/14]. No incidental or implied admissions are intended by these responses. No response to any portion of any request shall be deemed a waiver of any objections not set forth herein that could be made to any such portion of the request regarding the document or its admissibility. The identification of any document or electronically stored information or the supplying of any information will not constitute an admission by [Rovi/Tivo] that such document or electronically stored information is relevant to the litigation or admissible at trial. [Rovi/Tivo] reserves the right to object to any further inquiry with respect to any subject matter.*

*[14/15]. Any documents or electronically stored information produced by [Rovi/Tivo] are subject to the March 17, 2016 Stipulated Protective Order entered in this matter, and constitute "Protected Material" under the Order, which may only be used for purposes for this action and not for any*

*other purpose. [Rovi/Tivo] objects to any other purpose.*

*[15/16]. [Rovi/Tivo] has made reasonable efforts to object to the Subpoena's requests as [Rovi/Tivo] understands and interprets them. [Rovi/Tivo] reserves the right to supplement its objections if Sony subsequently asserts an interpretation that differs from that of [Rovi/Tivo].*

*[16/17]. [Rovi/Tivo] reserves the right to move the Court to quash or modify the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3).*

[Rovi/Tivo] objects to the request as vague and ambiguous in that the terms "build-files" and "make-files" are undefined. [Rovi/Tivo] also objects to the request as overly broad and unduly burdensome, including without limitation, "software and/or firmware provided by [Rovi/Tivo] for any Specified Pace Product." [Rovi/Tivo] objects to this request to the extent the information sought is available from the parties. [Rovi/Tivo] further objects that the request seeks information not relevant to any claims or defenses in the case and not reasonably calculated to lead to the discovery of admissible evidence. [Rovi/Tivo] further objects to this request to the extent it calls for the production of documents containing sensitive, confidential, or proprietary business information and trade secrets of [Rovi/Tivo].

Subject to the foregoing general and specific objections, Rovi agrees to produce documents, to the extent any exist, that describe how its software in the Specified Pace Product receives the instructions from the user and transmits the instructions to other components or software in the Specified Pace Product so that the Specified Pace Product can (i) store the preferred audio track, (ii) select and store the last television channel or Internet content provider before a power interruption, or (iii) output compressed or decompressed data to an external device.

Faust Dec., ¶ 3 (Subpoenas to Rovi and Tivo), ¶ 13 (Objections to Subpoenas by Rovi and Tivo). The subpoenas *ad testificandum* seek deposition testimony from a witness on the following related topics, as set forth below along with Rovi-Tivo's objections in accordance with N. D. Cal. Civil L.R. 37-2:

<u>SONY'S DEPOSITION TOPIC 2</u>.
For each Specified Pace Product, an explanation of the function, logic and algorithms incorporated into any source code provided to or by [Rovi/Tivo] for incorporation into any such product as it relates to setting and storing a language preference setting and reading channel data to determine whether a selected channel contains an audio track in the preferred language, and if so reproducing that audio data.

<u>[ROVI/TIVO] OBJECTIONS TO DEPOSITION TOPIC 2.</u>
[Rovi/Tivo] incorporates herein the general objections above.

*GENERAL OBJECTIONS*
*1. [Rovi/Tivo] objects to the Subpoena's noticed deposition date of January 20, 2017, a date that was unilaterally picked by Pace, as being unduly burdensome and oppressive. To the extent that [Rovi/Tivo] agrees to appear in response to the Subpoena it will do so at a mutually/acceptable date to be determined by counsel for the parties.*

*2. [Rovi/Tivo] objects to the Subpoena to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or restriction upon discovery. No such protected information will be produced. Any inadvertent production of protected information is not intended as, nor shall it be deemed to be, a waiver of any privilege, protection, or restriction.*

*3. [Rovi/Tivo] objects to the Subpoena to the extent it seeks the production of [Rovi's/Tivo's] sensitive, confidential, or proprietary business information or trade secrets, or the production of sensitive, confidential, or proprietary business information or trade secrets of others that [Rovi/Tivo] has a duty to maintain as confidential. [Rovi/Tivo] also objects to the extent that producing information in response to the Subpoena would violate any applicable privacy rights.*

*4. [Rovi/Tivo] objects to the Subpoena to the extent it seeks information not relevant to any party's claim or defense, not proportional to the needs of the case, and/or imposes an undue burden or expense on [Rovi/Tivo].*

*5. Any information produced by [Rovi/Tivo] constitutes "Protected Material" under the March 17, 2016 Stipulated Protective Order and thus may only be used for purposes for this action and not for any other purpose. [Rovi/Tivo] objects to any other use or purpose.*

*[6.] Tivo objects to Sony Corporation's designation of Tivo as "Tivo Corporation." "Tivo Corporation" did not historically exist or provide any services or information to Pace.*

*[6/7]. [Rovi/Tivo] objects to the definitions of "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent they purpose to require [Rovi/Tivo] to respond or provide testimony on behalf of anyone other than [Rovi/Tivo], such as "subsidiaries, affiliate, and related companies ... predecessors, successors and assigns" as well as "all agents, directors, officers, employees, partners, representatives, directors, shareholders, consultants, [or] any other person acting on behalf of any of the foregoing persons or entities." [Rovi/Tivo] asserts that it is not possible for [Rovi/Tivo] to know all of the persons and entities that Sony purports to include within this definition. [Rovi/Tivo] understands "You" and "Your" to mean [Rovi/Tivo], and [Rovi/Tivo] will respond to the Subpoena on behalf of itself only, and no other person or entity.*

*[7/8]. [Rovi/Tivo] objects to the definition of "Pace" as vague, ambiguous, overbroad, and unduly burdensome to the extent it requires [Rovi/Tivo] to have knowledge of Pace's corporate structure or to know the identity of Pace's "predecessors and successors in interest, direct or indirect subsidiaries, affiliates, employees, agents, and persons acting or purporting to act on its behalf." [Rovi/Tivo] understands "Pace" to mean Pace PLC and Pace Americas, and persons who [Rovi/Tivo] understood to be acting on behalf of Pace PLC and Pace Americas.*

*[8/9]. [Rovi/Tivo] objects to the definition of "product" on the grounds that the definition is vague and ambiguous, overbroad, compound, unduly burdensome and oppressive and calls for information that is neither*

> *relevant nor proportional to the needs of this case. [Rovi/Tivo] further objects to the definition to the extent that it imposes any obligation beyond what is required by the Federal Rules of Civil Procedure ("FRCP") and the Federal Rules of Evidence ("FRE").*
>
> *[9/10]. [Rovi/Tivo] objects to the definition of "Document" to the extent it purports to define that term in a manner that would impose obligations on [Rovi/Tivo] that are broader than its obligations under Rule 45 of the Federal Rules of Civil Procedure.*
>
> *[10/11]. [Rovi/Tivo] objects to the definitions set forth in the Subpoena to the extent they exceed what is permitted by the FRCP and the FRE. [Rovi/Tivo] will interpret the definitions pursuant to the FRCP and the FRE.*

[Rovi/Tivo] objects to this topic as overbroad and unduly burdensome in seeking explanation of "any" source code provided to or by [Rovi/Tivo] for incorporation into such product. [Rovi/Tivo] also objects to this request to the extent it calls for the production of information containing sensitive, confidential, or proprietary business information and trade secrets of [Rovi/Tivo] and/or other non-parties. [Rovi/Tivo] further objects that this topic is unduly burdensome because it seeks an explanation of software/firmware where the best evidence resides with documents and/or the source code.

Subject to the foregoing general and specific objections, the parties have agreed to postpone the deposition and resume discussions regarding the deposition at a later date.

<u>SONY DEPOSITION TOPIC 3.</u>
For each Specified Pace Product, an explanation of the function, logic and algorithms incorporated into any source code provided to or by [Rovi/Tivo] for incorporation into any such product as it relates to transmitting and receiving signals between a base device and a remotely located device.

<u>[ROVI/TIVO] OBJECTIONS TO DEPOSITION TOPIC 3.</u>
[Rovi/Tivo] incorporates herein the general objections above. [Rovi/Tivo] objects to "function," "logic," and "algorithms" as vague and ambiguous. [Rovi/Tivo] also objects to this request to the extent it calls for the production of information containing sensitive, confidential, or proprietary business information and trade secrets of [Rovi/Tivo] and/or other non-parties. [Rovi/Tivo] objects to this topic as overbroad and unduly burdensome in seeking explanation of "any" source code provided to or by [Rovi/Tivo] for incorporation into "such product." [Rovi/Tivo] further objects that this topic is unduly burdensome because it seeks an explanation of software/firmware where the best evidence resides with documents and/or the source code.

Subject to the foregoing general and specific objections, the parties have agreed to postpone the deposition and resume discussions regarding the deposition at a later date.

<u>SONY DEPOSITION TOPIC 4.</u>
For each Specified Pace Product, an explanation of the function, logic and algorithms incorporated into any source code provided to or by [Rovi/Tivo] for incorporation into any such product as it relates to storing in memory information

> that identifies at least the television signal received immediately prior to a power interruption and to displaying the television signal received immediately prior to a power interruption upon resumption of power.
>
> [ROVI/TIVO] OBJECTIONS TO DEPOSITION TOPIC 4.
> [Rovi/Tivo] incorporates herein the general objections above. [Rovi/Tivo] objects to "function, logic and algorithms" as vague and ambiguous. [Rovi/Tivo] also objects to this request to the extent it calls for the production of information containing sensitive, confidential, or proprietary business information and trade secrets of [Rovi/Tivo] and/or other non-parties. [Rovi/Tivo] objects to this topic as overbroad and unduly burdensome in seeking explanation of "any" source code provided to or by [Rovi/Tivo] for incorporation into "such product." [Rovi/Tivo] further objects that this topic is unduly burdensome because it seeks an explanation of software/firmware where the best evidence resides with documents and/or the source code.
>
> Subject to the foregoing general and specific objections, the parties have agreed to postpone the deposition and resume discussions regarding the deposition at a later date.

*Id.* The foregoing Rovi-Tivo source code and related deposition testimony (which may be needed to authenticate the code or explain it) is directly relevant to infringement of the asserted claims as described above and is not unreasonably cumulative or duplicative of any other evidence.

**C. Sony Attempted to Minimize the Burden on Rovi-Tivo**

Sony has made good-faith efforts to minimize the burden of responsive source code discovery on Rovi-Tivo. For example, after discussion on December 23, 2016, Sony provided counsel for Rovi-Tivo with an email summarizing the relevant issues, including identifying exemplary claims from the asserted patents, the applicable protective order, and details about the accused Pace STBs relevant to each of legacy Rovi and Tivo. Faust Dec., ¶ 11 (December 23, 2016 email from Sony to Rovi-Tivo, redacted). Sony also provided counsel for Rovi and Tivo a technical summary explaining in greater detail the specific type of documents and source code that Sony was seeking, describing the "User Language Preference Functionality," "Communication Between [a] STB and Display" and "Channel Recovery After Power-Interruption" functionality for which Sony was seeking documents and source code. *Id.* at ¶ 12 (attachment to December 23, 2016 email from Sony to Rovi-Tivo).

In response to Sony's subpoenas, Rovi and Tivo served written objections on January 20,

2017, and on January 31, 2017 each of Rovi and Tivo produced documents responsive to some—but not all—of the requests contained in the document subpoenas. Faust Dec., ¶ 13, 14 (Rovi-Tivo Objections to Sony's Subpoenas; Rovi-Tivo production letter). Tivo produced 7 documents comprising 125 pages; Rovi produced 2 documents comprising 1729 pages. Neither Rovi nor Tivo produced or made available for inspection any source code or build files for the Rovi-Tivo software embedded in the accused Pace devices, as requested by the subpoenas.

On February 2, 2017, Sony informed Rovi-Tivo counsel that the documents produced by Rovi and Tivo were responsive but not sufficient to provide the discovery sought by Sony. Faust Dec., ¶ 15 (February 2, 2017 email from Sony to Rovi-Tivo, redacted). In fact, the documents produced by Rovi-Tivo confirm that the Rovi-Tivo software contains relevant functionality, but do not provide sufficient detail regarding the logic and algorithms used by the Rovi-Tivo software to control the operation of the accused Pace STBs. Sony counsel subsequently engaged in several discussions with counsel for Rovi-Tivo in an attempt to reach agreement on the production of source code, but these efforts have not been successful.[5]

Moreover, Sony has offered various proposals to minimize the burden on Rovi-Tivo. For example, Sony informed Rovi-Tivo that it was amenable to source code production on a rolling basis and suggested that—if all of the relevant products operated in the same manner with respect to the functionality at issue—each of Rovi and Tivo could make source code available for one exemplary product along with a declaration from a knowledgeable witness attesting the operation of source code in other products. Faust Dec., ¶ 17, 18 (February 7, 2017 email from Sony to Rovi-Tivo; February 20, 2017 email from Sony to Rovi-Tivo). Sony even suggested exemplary models for each of legacy Rovi and Tivo. Despite Sony's good-faith efforts to reach an agreement for source code inspection, Rovi-Tivo have refused to permit Sony to inspect their source code.

---

[5] Sony provided counsel for Rovi-Tivo with a copy of the applicable protective order under which the source code would be protected and the inspection carried out, and Rovi-Tivo has not informed Sony of any specific concerns regarding the source code provisions of the protective order. Faust Dec., ¶ 16 (December 23, 2016 email from Sony to Rovi-Tivo). Sony also provided to counsel for Rovi-Tivo the name and *curriculum vitae* of each of Sony's technical experts who would review the source code, and neither Rovi nor Tivo have raised any objections to Sony's experts. Faust Dec. at ¶ 17 (February 7, 2017 email from Sony to Rovi-Tivo).

## II. Rovi-Tivo Should Be Compelled to Produce Responsive Source Code

Rovi-Tivo has not produced any source code in response to Sony's subpoenas. Discovery should be compelled where it is relevant and not privileged. *Harris v. Best Buy Stores, L.P.*, No. 3:15-cv-00657-HSG (KAW), 2016 WL 6024556, at *1 (N.D. Cal. Oct. 14, 2016); *Negotiated Data Solutions LLC v. Dell, Inc.*, No. C09-80012MISC JF (HRL), 2009 WL 733876, at *3-*4 (N.D. Cal. 2009). A party may obtain production of testimony, documents and things from a non-party through a Rule 45 subpoena. Fed. R. Civ. P. 45; *Negotiated Data*, 2009 WL 733876, *2. Under this standard, Rovi and Tivo should be compelled to produce or make available for inspection the requested source code and testimony.

Rovi and Tivo objected to the subpoena, *inter alia*, on the grounds of alleged undue burden. Faust Dec., ¶ 13. However, counsel for Rovi-Tivo have not identified any specific reason why making the relevant source code available for inspection is unduly burdensome in this case. *eDirect Publishing, Inc. v. LiveCareer, Ltd.*, No. C 14–80125 WHA, 2014 WL 2527401, *2-*3 (N.D. Cal. 2014) (compelling nonparty to produce source code where the nonparty "identified no concrete undue burden"); *Harris*, 2016 WL 6024556, at *1 ("[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence.") (citations omitted). In fact, given the high degree of relevance to the core issues of infringement in the Lawsuit, and the inability for Sony to obtain the Rovi-Tivo source code from Pace or any other entity, Sony respectfully submits that the burden of making the relevant source code available for inspection in this matter is not undue. Indeed, as discussed above, based on the claim construction adopted by the court in this case, Sony is tasked with identifying specific *algorithms* used to carry out functionality in the accused products—algorithms implemented in source code such as that held by Rovi-Tivo. *Negotiated Data*, 2009 WL 733876, *3-*4 (ordering nonparty to produce source code where "the operation of [the nonparty]'s chips bears directly upon the accused functions . . ."). Likewise, as discussed above, Sony has made efforts to suggest possible ways to minimize the burden on Rovi-Tivo, but Rovi-Tivo have nonetheless refused to permit Sony to inspect their source code. Rovi-Tivo's failure to make its source code available

for inspection is a violation of its obligations under the subpoena and has impeded Sony's efforts to prosecute its case against Pace.

Regarding Sony's subpoenas *ad testificandum,* counsel for Rovi-Tivo have expressed their willingness to have a witness testify about the source code in lieu of making the source code available to Sony for inspection. However, Sony first requires an inspection of Rovi-Tivo's source code before it would have the necessary information to take such a deposition. Without the source code, Sony would be unable to formulate pertinent questions, probe and verify the accuracy of the witness' testimony, and would be otherwise hampered in its ability to take a meaningful deposition. Moreover, mere deposition testimony, standing alone, about the intricacies of algorithms in source code may be less persuasive at trial and subject to evidentiary objections by Pace, such as a best evidence objection under Fed. R. Evid. 1002. Likewise, mere deposition testimony without the source code itself would be less useful to Sony's experts in analyzing and opining on infringement issues. For avoidance of doubt, Sony respectfully requests that the Court order Rovi-Tivo to provide a witness in response to Sony's subpoenas *ad testificandum* in a timely manner after making its source code available for inspection.

## CONCLUSION

For the foregoing reasons, Sony respectfully urges the Court to grant its Motion to Compel. For the Court's convenience, a proposed Order is attached hereto.

Respectfully submitted,

May 23, 2017

ANDREWS KURTH KENYON LLP

By:

____________________________

Michael N. Zachary (CA Bar #112479)
ANDREWS KURTH KENYON LLP
1801 Page Mill Road, Suite 210

Palo Alto, CA 94304
650.384.4700
michaelzachary@andrewskurthkenyon.com

*Attorneys for Plaintiff Sony Corporation*